# Dunkle, Appellant, *v.* City Passenger Railway Company.

*Negligence—Street railways—Collision between car and sleigh—Fright of horse.*

In an action against a street railway company to recover damages for personal injuries it appeared that the accident occurred on a dark night. The plaintiff was driving a sleigh along a street on which the defendant operated a street railway. When the sleigh was 150 to 200 feet from an approaching car the horse backed upon the track. Plaintiff succeeded in getting him off, and when moving on the outside of the track, and when the car was about fifty feet away, he hallooed and shouted to the motorman to slow up. Just at this time the horse backed upon the track again, and a collision occurred in which the plaintiff was injured. The evidence showed that the car was running about four miles an hour, that the motor was in proper order, and the headlight properly lighted. The car was under control and stopped within fifteen feet after it struck the sleigh. *Held,* that the trial judge committed no error in directing a verdict for the defendant.

Argued April 18, 1904.    Appeal, No. 268, Jan. T., 1903, by plaintiff, from judgment of C. P. Blair Co., June T., 1902, No. 190, on verdict for defendant in case of L. G. Dunkle v. City Passenger Railway Company.    Before MITCHELL, C. J., DEAN, BROWN, POTTER and THOMPSON, JJ.    Affirmed.

Trespass to recover damages for personal injuries.    Before BELL, P. J.

The facts are stated in the opinion of the Supreme Court.

At the trial binding instructions were given for defendant.

Verdict and judgment for defendant.    Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*W. C. Fletcher*, for appellant.—The horse running upon the track produced the peril of the situation ; whether the motorman ought to have discerned and avoided the peril was under the evidence in this case a question for the jury : Gibbons v. Wilkes-Barre, etc., St. Railway Co., 155 Pa. 279 ; Waechter v. Second Avenue Traction Co., 198 Pa. 129.

*Thomas H. Greevy*, for appellee, cited : Yingst v. Lebanon, etc., St. Ry., 167 Pa. 438 ; Smith v. Holmesburg, etc., Elec. Ry. Co., 187 Pa. 451 ; Hazel v. People's Pass. Ry. Co., 132 Pa. 96.

OPINION BY MR. JUSTICE THOMPSON, May 2, 1904 :

The failure of duty from which springs the alleged negligence on the part of the appellee is limited to a very narrow compass.    When the accident occurred the car of the appellee was running at a moderate rate of speed not exceeding four miles an hour.    It was dark and the headlight of the car was properly lighted, the motor was in proper order and the car under control.    The motorman was in his place and attending to his duties.    There was therefore no substantial ground for negligence arising from the condition of the car or its management.    It was, however, alleged that appellee was guilty of negligence because its motorman did not stop the car in time to enable him to avoid the collision.

The accident occurred in the latter part of January, at an early hour in the morning, while it was dark. The appellant was going into Altoona in his sleigh and it being cold was warmly wrapped up. As he passed along one of the streets, some 150 or 200 feet from the approaching car, his horse backed upon the track. Having whipped him he succeeded in getting him off from it. When moving on the outside of the track, and quite near the approaching car, he hallooed and shouted to the motorman to slow up. Just at this time his horse backed upon the track and the accident then occurred. He had only time to halloo and to hold up his hand when the collision took place. He was unable to say how far the car was distant from him when the horse backed the second time upon the track, but he guessed it was fifty feet. He said he could not see the motorman because of the headlight and he could not say whether he heard him when he hallooed or not. The wife of the appellant was in the sleigh at the time and testified that she judged that the car was fifty feet away when her husband waved his hand and whip. That it all occurred " so quickly, that it all happened at one time." She seemed to think that if the motorman had looked he could have seen the whip when it was waved.

The argument that from this evidence negligence on the part of appellee might be deduced is inconsequential and this inconsequence becomes most distinctly so in connection with the testimony on its behalf. The motorman testified that when he first saw the horse and sleigh they were between fifty and sixty feet from him. They were outside of the track. The horse backed the sleigh upon the track and the car after striking it ran some ten or fifteen feet before it stopped. That he had the car under control with the power off. That he saw the horse back the sleigh upon the track and at once reversed the motor. That he heard the appellant halloo when the horse had backed upon the track but he saw no motion of the whip by the appellant. That the sleigh was on the outside of the track some fifty feet away. The horse was not backing but was moving along. That he only discovered the horse backing when the sleigh was about ten or fifteen feet from the car, that he made every effort to stop it, and that the car was running about four miles an hour.

The conductor of the car testified that it went about fifteen feet after it struck the sleigh. That he saw the appellant on the outside of the track clear of it and he saw him after he was struck. That the car was running about four miles an hour, and that he did not hear appellant halloo. The testimony of a passenger was substantially confirmatory.

This evidence does not warrant the conclusion that the motorman heard the appellant, or it being dark, that he saw or could have seen the motion of the whip made by appellant when he was outside of the track. The case therefore is one of that class of cases where the accident is caused by a horse suddenly becoming frightened and resulting in an unavoidable collision, where the evidence does not establish negligence : Yingst v. Lebanon, etc., St. Ry. Co., 167 Pa. 438 ; Smith v. Holmesburg, etc., Electric Ry. Co., 187 Pa. 451.

The assignments of error are not sustained and the judgment is affirmed.