# Hanlon *v*. Philadelphia & West Chester Traction Company, Appellant.

*Negligence—Street railways—Killing of cow—Evidence.*

In an action against a street · railway company to recover damages for the killing of a cow, the case is for the jury, and a verdict and judgment for plaintiff will be sustained, where the evidence shows that at the time of the accident a herd of cows was being driven by the plaintiff across a public road and the defendant's tracks from one field to another for their morning fodder; that this was the plaintiff's daily custom and was known to the motorman; that the accident occurred in broad daylight, in an open country, on a straight track, where the motorman had a full view of the plaintiff for over 200 yards; that the motorman saw the plaintiff waving his arms and brandishing a stick in attempting to restrain the cows; and that the motorman slowed up his car, but not to such an extent as to save him from colliding with one of the cows and killing it.

Argued Nov. 25, 1904.    Appeal, No. 191, Oct. T., 1904, by defendant, from judgment of C. P. Delaware Co., March T., 1903, No. 77, on verdict for plaintiff in case of Alexander Hanlon v. Philadelphia & West Chester Traction Company. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Trespass to recover damages for killing a cow. Before JOHNSON, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $70.19.    Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*William I. Schaffer*, for appellant.—It was the duty of the plaintiff to safeguard the public and keep cattle off the tracks. R. R. Co. v. Skinner, 19 Pa. 298; North Penna. R. R. Co. v.

Rehman, 49 Pa. 101; Drake v. R. R. Co., 51 Pa. 240; Fisher v. Penna. R. R. Co., 126 Pa. 293.

An owner of animals suing a railroad company for their injury or death, owing to the negligence of the company, cannot recover for actionable negligence if the injury complained of is the natural and probable consequence of his own want of ordinary care in any degree: 1 Thompson on Negligence, 463; Harman v. Traction Co., 200 Pa. 311. The law certainly would not be more solicitous for the welfare of cattle than for the welfare of a child. If this had been a child which was killed, there could be no recovery: Miller v. Union Traction Co., 198 Pa. 639; Chilton v. Central Traction Co., 152 Pa. 425; Flanagan v. People's Passenger Ry. Co., 163 Pa. 102. Where a horse swerves suddenly upon the track in front of a moving car at so short a distance that it is impossible to stop the car in time to avoid the collision there can be no recovery: Thomas v. Citizens' Passenger Ry. Co., 132 Pa. 504; Kane v. People's Passenger Ry. Co., 181 Pa. 53; McManigal v. South Side Passenger Ry. Co., 181 Pa. 358.

*W. Roger Fronefield,* for appellee.—It is negligence to run an electric car at the speed of eight or ten miles an hour, over a grade crossing made to permit cattle to be driven from one side of a farm to another, when the cattle can be, and are actually seen by the motorman for 300 yards, crowding into the crossing, with their owner trying to prevent their going over in front of the moving car: Reeves v. R. R. Co., 30 Pa. 454; R. R. Co. v. Skinner, 19 Pa. 298; R. R. Co. v. Rehman, 49 Pa. 101; Drake v. R. R. Co., 51 Pa. 240; Fisher v. Penna. R. R. Co., 126 Pa. 293; Harman v. Traction Co., 200 Pa. 311.

It is not negligence, per se, for one man to turn forty cows out of a field for the purpose of foddering them in another field, across the right of way of an electric railway company, when the place where they cross the electric railway tracks can be seen by the, motorman for one-quarter of a mile: Reeves v. R. R. Co., 30 Pa. 454; Stover v. Penna, R. R. Co., 195 Pa. 616; Foote v. American Product Co., 195 Pa. 190.

OPINION BY ORLADY, J., July 13, 1905:

The plaintiff's farm was bisected by a public road, on one

side of which is located the defendants' traction railway on enclosed land of its own. There was a breach in the fence of the trolley company to enable the plaintiff to have access to his fields, which were arranged so that on the south side, immediately opposite the breach in the defendants' fence, there was a gate, opening into a feeding lot, and on the north side a pair of bars opening into a field in which a herd of forty dairy cows were kept. The plaintiff's custom, which was well known to the motorman, was to have a load of fodder hauled into the feeding lot near to the gate, and then to let the cows into that lot from the one across the public and trolley road. On November 20, about 9 A. M., a load of fodder was hauled to the feeding lot; the plaintiff opened the gate of that lot, then walked across the track of the defendant, and after first looking in both directions and not seeing a car, he let down the bars of the other lot, when the cows, having a full view of the fodder, became restive and attempted to get past him. At this juncture the plaintiff, seeing a car approaching at a rapid rate of speed, endeavored to prevent the cows from getting out of the field; in this effort he did not wholly succeed, some crossed the track in safety, but one bolted behind him; was struck by the car and was so injured that it was necessary to kill her.

This action was brought to recover damages for the loss, and a verdict was returned in favor of the plaintiff. The sole assignment of error is to the refusal of the court below to give binding instructions to find for the defendant. There is no material conflict as to the important facts of the case. The accident occurred in broad daylight, in an open country, on a straight track, where the motorman had a clear view of the plaintiff for over 200 yards; saw him waving his arms and brandishing a stick in attempting to restrain the cows, and further, that the plaintiff's efforts were not successful, as some of the cows escaped him and passed into the feeding lot. There is no evidence of contributory negligence on the part of the plaintiff. To demand of him a higher measure of duty than was observed would be practically to prevent his use of the crossing at all. The motorman had not only a full view of all the circumstances but complete control over the directing agencies. He slowed up his car, and voluntarily approached the crossing in such a way as to cause the collision. The degree

of care to be exercised must necessarily vary with the circumstances, and therefore no unbending rule can be laid down. Under the facts as he describes them it was reasonably to be expected that one or more of the cows would break by the plaintiff to get to the fodder across the track.   He was bound to approach the crossing at a perfectly manageable rate of speed, and what he was bound to do the plaintiff had the right to presume would be done.   The measure of precaution taken or omitted by the plaintiff cannot be properly estimated without allowing him the full benefit of this presumption : Reeves v. Railroad Co., 30 Pa. 454.   He was bound to be regardful of his duty, to look constantly ahead of him, and to be on the alert to avoid just what happened : Jones v. Traction Co., 201 Pa. 344.

It is only in clear cases where neither the facts nor the inferences to be drawn from them are in doubt, that the court is justified in withdrawing the question of negligence from the jury.   Kroesen v. Ry. Co., 198 Pa. 26 ; Cohen v. Phila. & Reading Ry. Co., 211 Pa. 227, The case of Cromley v. Penna. R. R. Co., 211 Pa. 429.   Harman v. Traction Co., 200 Pa. 311, on which the appellant relies, is distinctly different from this one.   In that one " the movement of the mules did not indicate to the motorman that they were uncontrollable, and there was nothing to indicate that he was unable to check them ; therefore there was nothing calling for increased vigilance."   In this case the motorman saw that the plaintiff was doing his best, as he states it, and failing to head off the forty hungry and impatient cows from getting over the track to their morning feed.   The whole situation clearly indicated that the cows would not clear the track as the cars approached the crossing, and that reasonable care adapted to the emergency would have avoided the accident.   Under the circumstances the case was properly submitted to the jury.

The judgment is affirmed.