## Wright, Appellant, *v.* Monongahela Street Railway Company.

*Negligence—Streets railways—Fright of horse—Evidence—Nonsuit.*

In an action against a street railway company to recover damages for personal injuries, it appeared from the testimony for the plaintiff that while the car of the defendant company was approaching the vehicle in which the plaintiff was riding, and while it was yet several hundred feet away, the horse drawing the vehicle was observed to rear once, and then proceed on its way without further rearing or plunging until it reached the car, and that it then jumped immediately in front of the car, or against it, and the plaintiff was thrown from the vehicle and injured. There was nothing in the proof which indicated that the driver of the vehicle had lost control of the horse. *Held,* that a nonsuit was properly entered.

Argued Oct. 24, 1905. Appeal, No. 15, Oct. T., 1905, by plaintiff, from order of C. P. No. 3, Allegheny Co., Feb. T.,

1902, No. 594, refusing to take off nonsuit in case of Mary G. Wright v. Monongahela Street Railway Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries.

KENNEDY, P. J., filed the following opinion:

This is an action of trespass for the recovery of damages for injuries resulting to the plaintiff, as claimed by her through the negligence of the defendant company. The accident occurred on September 24, 1901, on Forbes street, in the city of Pittsburg, and she claims that the accident, and the resulting injury to herself, was caused by the negligence of the defendant company in the management of its car by the motorman. It appears from the testimony that while the car of the defendant company was approaching the vehicle in which the plaintiff was riding, and while it was yet several hundred feet away, the horse drawing the vehicle was observed to rear once and then proceed on its way without further rearing or plunging until it reached the car of the defendant company, and that then it jumped immediately in front of, or against it, and the plaintiff was thrown from the vehicle and injured. There is nothing in the testimony which indicated that the driver of the vehicle had lost control of the horse. It is true that one of the witnesses, a boy of fourteen years, testified that the horse was jumping, but there is nothing to show that he made more than one plunge before reaching the car, and that while it was a long way distant. The testimony seems to be plain that after this first and only plunge the horse proceeded on its way under control of the driver until it reached the car, and jumped immediately in front of or against it. We do not think that the motorman could be held guilty of negligence, unless the horse was acting in such a way as to indicate to him, the motorman, that the driver had lost control of him, or was likely to do so, and that at a sufficient distance to make it possible for the motorman to avoid the accident. The one plunge, or rearing of the horse, at the great distance from the car, was not sufficient to indicate to the motorman that the driver had lost control of it; to so indicate, the demonstration must be con-

tinued as he approached the car. A number of witnesses, called on behalf of the plaintiff, saw the accident, and if more than one plunge or demonstration had been made by the horse, indicating a want of control by the driver, it would certainly have been seen and testified to by some of the witnesses. While the boy stated that the horse did some more jumping, there was nothing in his testimony that would indicate that the driver lost control of him, and all the other witnesses state that the horse proceeded up the street, approaching the car in the usual way, and at a moderate rate of speed.

The rule to show cause why the judgment of nonsuit should not be taken off must be discharged. It is so ordered.

*Error assigned* was order refusing to take off nonsuit.

*Ralph P. Tannehill*, with him *Thos. M.* and *Rody P. Marshall*, for appellant.

*Samuel McClay*, of *Reed, Smith, Shaw & Beal*, for appellee.

PER CURIAM, January 2, 1906:

Judgment affirmed on the opinion of the court below.