Opinion by
Morrison, J.,
This is an ordinary trespass case based on the alleged negligence of the defendant in allowing a hole or trench, about twelve *303 feet deep, to extend into the embankment, used and designed as a footwalk on one of the public streets of the city. The trench extended about six feet into the embankment, leaving an unbroken walk of about four feet from the edge of the traveled highway. The embankment was elevated about fourteen feet above the meadow land to the east. The washout or trench was caused by a flood on July 4, 1906. The plaintiff fell into it on the evening of August 19,1906, at 9:30 o’clock p. m., breaking his arm and sustaining other injuries. That the place was, as described by the witnesses, dangerous, and that it ought to have been filled up or guarded by a railing or fence would seem such a self-evident proposition that no one ought to be surprised that the jury found the city guilty of negligence in allowing it to continue more than a month. At the place of the accident there was no sidewalk constructed in the ordinary manner, but an embankment of cinder and other material.
It is not denied that it was designed and used, with the knowledge of the city authorities, as a walk for pedestrians. The officials of the defendant must have regarded the washout as dangerous because the learned and experienced counsel for the city proved, at the trial, that red lights were kept at each end of the opening. Their contention is that the city is relieved of liability by reason of the red fights being there at the time of the accident. In our opinion, the only question presenting serious difficulty was, at the trial, the alleged contributory negligence of the plaintiff. Upon the main questions we concur with the court below, that the dangerous character of the place, the negligence of the defendant, and whether the red fights made a proper and sufficient safeguard, and were in place and burning at the time of the accident, were questions for the jury. So was the alleged negligence of the plaintiff.
The learned counsel contend that the only evidence that the red fights were not in place at the time of the accident is that of the plaintiff; that he is contradicted by several witnesses; that the charge is inadequate because the court did not call the attention of the jury to the interest of the plaintiff in the result, nor to the very strong testimony in contradiction by different witnesses.
*304 However, the charge did call the attention of the jury to the fact that the plaintiff was the only witness testifying to the absence of the red lights, and also to the testimony of the witnesses contradicting him. At the close of the charge, the learned judge invited the learned counsel to call his attention to anything he had omitted, and it did not then seem to occur to the able and experienced counsel that the charge was inadequate on this and several other grounds now urged. The court was not requested, either by points or orally, to give such special instruction to the jury. All of the defendant’s points were affirmed, except the one asking a binding instruction in favor of the defendant. We do not think there is much merit in the only special exception taken at the close of the charge.
The learned counsel rely on Knox v. Ry. Co., 202 Pa. 504, in support of their contention as to the insufficiency of the plaintiff’s testimony in regard to the red lights. That case is distinguishable from the one at bar. The Knox case went on the theory, mainly, that the witness was not competent to estimate the speed of the train; that his testimony as to such speed was a mere guess:. Smith v. Holmesburg, etc., Electric Ry. Co., 187 Pa. 451. Clark v. Union Traction Co., 210 Pa. 636, is also cited, but in that case the plaintiff was directly contradicted by three disinterested witnesses and also by the conductor and motorman of the car who were all present at the time and place of the accident. We think that fact distinguishes that case from the present one,
The witnesses called to contradict the plaintiff in the present case were not present at the place of the accident, and they do not testify positively as to the exact condition of things at the very time of the accident. What we have said above applies with equal force to Hodder v. Transit Co., 217 Pa. 110. The same may be said as to Holden v. Penna. R. R. Co., 169 Pa. 1.
In view of the care with which the learned court submitted the present case to the jury, and the invitation to the learned counsel to suggest anything which they desired to have called to the attention of the jury, we are not convinced that there ..was serious error in 'the charge as to anything raised by the assignments of error. It is apparent that the court below made *305 a painstaking effort to fairly and adequately present the case to the jury, and if, in the hurry of the trial, anything was omitted from the charge, the learned and experienced counsel ought to have responded to the invitation of the court by calling attention to the omissions. Upon the whole record we think the charge adequate.
Having failed to convince the jury that the plaintiff was guilty of contributory negligence, and lost their case, the learned counsel'subjected the charge to a very critical examination for the purpose of discovering errors on which to base their assignments. These assignments are very technical and they complain of several things which, considered altogether, do not convince us of reversible error.
The assignments of error are all dismissed and the judgment is affirmed.