## Keller, Appellant, v. Conestoga Traction Company.

*Negligence—Street railways—Killing of cow.*

A person who drives cows at night along a public highway on which there is a street car line, will not be entitled to recover damages from the railway company for the killing of one of the cows by a street car, where it appears that none of the cows were fastened, that the night was very dark, that the drivers of the cows gave no signal to the motorman, and that the speed of the car was described by the witnesses only as "fast" or "very fast."

Argued Nov. 14, 1910. Appeal, No. 6, Oct. T., 1910, by plaintiff, from order of C. P. Lancaster Co., Oct. T., 1907, No. 48, refusing to take off nonsuit in case of Jacob

Keller v. The Conestoga Traction Company.    Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.    Affirmed.

Trespass to recover damages for the killing of a cow. Before LANDIS, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order refusing to take off nonsuit.

*B. F. Davis,* for appellant.

*W. U. Hensel,* for appellee.

OPINION BY ORLADY, J., March 3, 1911:

The plaintiff's cow was killed by a car on the tracks of the defendant company.    The evidence offered was so indefinite and uncertain that the court directed a compulsory nonsuit which it subsequently refused to lift.

Taking the testimony in its most favorable light, it is not possible to more than guess in regard to the cause of the accident.

The exact place is in doubt.    The plaintiff's principal witness stated that when the cow was struck, they had passed the built up portion of the town and had driven out into the country about one mile: two others testified that the animal was lying, after it had been hit, in the center of the town.    The time given was about half past four in the morning, after this cow with three others had been driven for fifteen miles since midnight.    It was so dark that one of the drivers carried a lantern to guide his steps; there was no evidence of any effort to keep the cow from the track, or of any signal to the motorman to slacken the speed of the car, other than the wave of the hand by a driver who preceded the cows, and so far as this record shows, this might as readily have been intended for a friendly salutation as a notice of caution.

No one saw the accident.    The car carried a proper

light, and was rounding a curve. The speed of the car is mentioned as going "fast," and "very fast," but these terms are meaningless unless there is some standard with which to compare the speed. The time, place and comparative rate of speed are equally important in such cases. One man may think five miles an hour excessive, and another insist with equal honesty that ten is a reasonable one. Cars may be run very fast under certain circumstances, and under other conditions they must be run at a very slow rate.

At all times the motorman must have his car under control, so as not ruthlessly or recklessly to run down an animal or person on the track. There is no evidence here to show that the motorman did, or could see the cows as they walked along the road, without fastenings of any kind. It was the duty of the drivers to keep the cows from the track, as the car had the superior right to its use, and it was incumbent on the plaintiff to show that performance of this duty had been at least attempted. There is nothing in the case to show that the motorman was not performing his whole duty: Hazel v. People's Pass. Ry. Co., 132 Pa. 96; Yingst v. Lebanon & Anville St. Ry. Co., 167 Pa. 438; Wright v. Ry. Co., 213 Pa. 318; Hanlon v. Traction Co., 28 Pa. Superior Ct. 223; Dunkle v. Ry. Co., 209 Pa. 125.

The judgment is affirmed.