# Bowders *v.* Hagerstown & Frederick Railway Company, Appellant.

*Negligence—Railroads—Private farm crossing—Killing of cattle.*

In an action against a railroad company to recover damages for the loss of cattle killed at a private farm crossing, a verdict and judgment for plaintiff will be sustained where the evidence, al-

though contradicted tended to show that the car approached the crossing without proper warning, and without being under proper control.

Argued Oct. 24, 1917. Appeal, No. 289, Oct. T., 1917, by defendant, from judgment of C. P. Franklin Co., Sept. T., 1915, No. 276, on verdict for plaintiff in case of Lewis Bowders v. Hagerstown & Frederick Railway Company. Before Orlady, P. J., Porter, Henderson, Head, Kephart, Trexler and Williams, JJ. Affirmed.

Trespass to recover damages for cattle killed at a private farm crossing. Before Gillan, J.

The court charged in part as follows:

Mr. Bowders is a farmer of Antrim Township. A lane runs through his farm and crosses this railway track. He has a perfect right to use that track, that lane at all times, having due regard to the rights of the plaintiff; he has right to travel on it at all times and drive his cattle to and fro, being careful at all times to have due regard for the rights of the defendants. [The defendant has a right to operate its cars on that track in a proper manner, and in doing that they must regard the rights of the plaintiff. They have no legal right to cross that crossing, that lane, without giving warning of their approach. The only act of negligence charged is that they did this without giving a warning of approaching that lane.] (1)

Negligence is sometimes hard to define. The chief definition is that it is absence of care under the circumstances. You must gather the circumstances from the evidence and then form your judgment. Negligence consists in doing what an ordinarily prudent and careful man of good judgment would not do. Contributory negligence takes place when the party who claims to have been injured has contributed by his own negligence to the trouble that is under consideration. [Now, you will determine whether or not Mr. Bowders and whether or

151, (1918).] Charge of Court below—Assignment of Errors.

not this railroad company was guilty of negligence under the circumstances in this case. As I said to you a moment ago, they had no right to approach that crossing without giving warning; I want to modify that to say that where they have a clear view of that track and can see it from a distance enough to know that no person is there or nothing is on the track they are not bound to give warning, but when there is any probability of anything being on that track it is their business to give warning.] (2)

The cattle were being taken out there; a boy or man was sent on ahead to guard them and, as I understand it, to prevent them from running up and down the railway track; that is to say, when they got to the track there was danger of them running off the lane either up or down the track, and this boy was sent out to prevent that. As I say Mr. Bowders had a right to send them out there. The schedule of the cars, the time of the car had nothing to do with it; they had a right to run cars there whenever they saw fit, and Mr. Bowders was bound to take notice of that. As these cattle were on that track the car struck them, the defendant's car; it killed two outright, hurt two so much that it was necessary to kill them, and it crippled others, damaged them......

[I say to you as a matter of law that the railroad company was bound to use all proper precaution and care in approaching that crossing, because it was a place where Mr. Bowders had a right to have his cattle; therefore they were bound to use all caution, all care to do no harm to any cattle that might be there. If they didn't do that, they are guilty of negligence, or if Mr. Bowders did anything which he ought not to have done, he cannot recover.] (3)

Verdict and judgment for plaintiff for $462.25. Defendant appealed.

*Errors assigned,* amongst others were (1-3) portions of charge as above quoting them.

*Charles Walter,* with him *Walter K. Sharpe, Alexander Armstrong, Jr.,* and *Arthur W. Gillan,* for appellant.

*O. C. Bowers,* with him *A. G. McLanahan* and *William S. Hoerner,* for appellee.

PER CURIAM, March 2, 1918:

The measure of duty of the plaintiff and his employees in using the crossing described in the evidence, was fully and clearly defined in the charge to the jury, and in the answers to the points submitted. These followed the decision of this court in Hanlon v. Philadelphia & West Chester Traction Co., 28 Pa. Superior Ct. 223, and in Kelemenan v. Pittsburgh H. B. & N. C. Ry. Co., 52 Pa. Superior Ct. 52; Rose v. Southern Cambria Ry. Co., 58 Pa. Superior Ct. 142, cases which involved substantially the same questions as presented on this appeal. The ability of the plaintiff's employees to discharge the duty assigned to them involved disputed facts which were fairly submitted to the jury. The controlling question before the jury was, whether or not the car which caused the damages was under proper control when it approached the crossing occupied by the cattle. We find no such reversible error in this record as would warrant another trial.

The judgment is affirmed.