## Hartsock v. Winslow.

S. D. Gettig and John J. Bower, for plaintiff.

John Blanchard, for defendant.

FLEMING, P. J., April 4, 1928.—This is an action in trespass to recover damages for the killing of two cows belonging to the plaintiff by collision with defendant's automobile along the Buffalo Run Road in Patton Township, this county, on June 15, 1925. On May 25, 1927, a verdict was rendered in this court in favor of the plaintiff in the sum of $200. At the close of testimony, defendant's counsel had requested the court to give binding instructions to the jury in defendant's favor, which point was refused without reading and with the attendant result above noted. The matter is now before us on consideration of defendant's motion for judgment non obstante veredicto.

In considering such motion, we disregard defendant's testimony, except wherein the same is corroborated by that of the plaintiff, and we treat the plaintiff's testimony and all proper inferences to be drawn therefrom as established. In this light stands before us the question for our determination, viz., "Is the testimony adduced on the part of the plaintiff sufficient to require submission to the jury of the question of the existence or non-existence of negligence on the part of the defendant?"

On the morning of the accident, the plaintiff was driving four cows from his barnyard to his pasture-field, situated about one-quarter of a mile in an easterly direction along the State highway leading from Bellefonte to Tyrone, via Warriors Mark, and commonly known as the Buffalo Run Road. This road has a macadam surface estimated, but not measured, by the plaintiff to be eighteen feet in width at the point of the accident. On each side of the road was an embankment. Two of the cows were on the northern (plaintiff's left) side of the road and the other two cows were on the southern (plaintiff's right) side of the road. The cows were not walking abreast, nor were they in pairs, but with one cow directly behind the other. All four cows were on the macadam. They were proceeding up a marked grade in the road and were 140½ feet from the top of the hill when struck. Plaintiff was behind the two cows on the southern side of the road about a rod in the rear of the second or rear cow. Defendant was proceeding westwardly along the State highway and was required to ascend a hill for some distance before reaching the top of the hill which was distant 140½ feet from the scene of the accident. Plaintiff testifies that defendant's view of the cows began when within sixty-five feet of the top of the hill, or 205½ feet from the scene of the accident. This is corroborated by plaintiff's brother. Defendant came over the hill-top and ran into the two cows proceeding eastwardly on the southern side of the

road, injuring them so badly as to require them to be killed by the veterinarian called by plaintiff to examine them. The value of the cows was $100 each.

The settled rule imposes upon the plaintiff in actions of this kind the duty of describing, picturing or visualizing what actually happened at the time of the accident in such a manner as to enable one fixed with the responsibility of ascertaining the facts to find that defendant was guilty of negligence: Mack v. U. S. Gypsum Co., 288 Pa. 9, 11; Fisher v. Amsterdam, 290 Pa. 1, 3. Has this duty been fulfilled?

The mere fact that plaintiff was compelled to use this highway to drive his cattle to his pasture-field did not, per se, confer upon him a superior right in its use. Nor does the fact that the defendant elected to use such road to reach his destination give to him any right to use the same without due regard for others. Upon each was imposed the duty of using ordinary care and caution in their use of the same. Parties lawfully using a public street owe to each other the duty of reasonable and ordinary care, and each is justified in assuming that the other will so act: Baker v. Fehr et al., 97 Pa. 70. In this last-cited case, Mercur, J., says: "It is settled law that a jury shall not be permitted arbitrarily and without evidence to infer there was negligence." Again, we find the same authority speaking as follows: "What is negligence and what is ordinary care must generally be submitted to the jury. This is so if there be any dispute as to the acts claimed to establish the alleged negligence; but negligence is not to be found without evidence. It is not to be presumed from the mere fact of the occurrence of an accident causing injury or death."

Has the plaintiff met the burden thus imposed upon him? We are inclined to think that he has not done so. It is true that the accident might have been avoided. Defendant could have stopped his car immediately upon coming in sight of the cattle. Likewise, plaintiff could have seen to it that his cows were all upon the southern side of the road, thus leaving the usual or right-hand side open for the passage of the defendant. These are the extreme possibilities. There appears to be no evidence of want of care on the part of either of the parties to this suit, unless it might be said that plaintiff should have considered the likelihood of a vehicle coming over the top of the hill with power sufficient to enable it to surmount the grade and have thereby increased the degree of care exercised by him as the top of the hill was approached by having his cattle on one side of the road-bed and not upon both sides, as he admits in his testimony. It is not negligence not to foresee and avoid the barely possible: Miller v. Cohen, 173 Pa. 488, 492.

Plaintiff's testimony and that of his witnesses is prolific as to the nature of the road, the hill, the mail-box and other features pertaining to the scene of the accident, as well as concerning the condition of the cattle following the same. It is entirely silent upon the manner in which defendant operated his car, other than to say that defendant was driving too fast. This is not sufficient evidence of negligence: Keller v. Conestoga Traction Co., 45 Pa. Superior Ct. 462, 464. In this case, the Superior Court says: "The speed of the car is mentioned as going 'fast' and 'very fast,' but these terms are meaningless unless there is some standard with which to compare the speed. The time, place and comparative rate of speed are equally important in such cases. One man may think five miles an hour excessive and another insist, with equal honesty, that ten is a reasonable one." Other than the complaint that "he (meaning defendant) could have gone between those cows if he had not been going too fast." and a repetition thereof later in the testimony, there is nothing to indicate that the defendant was in any manner responsible for the

accident. As we have shown, such testimony as to speed has no probative value whatsoever.

The defendant approached the top of the hill in a lawful manner, no testimony to the contrary having been shown, and was confronted with four cows proceeding toward him, two of which were on his right-hand side of the road. Taking the plaintiff's estimate of the width of the road at eighteen feet and considering the position of the cows as admitted by the plaintiff, the elevation of the road and all the physical conditions which confronted the defendant, as well as the utter absence of any testimony to show improper operation of his car by the defendant, the court is of the opinion that binding instructions for the defendant should have been given. The plaintiff has failed to describe, picture or visualize what actually happened at the time of this accident in such a way as to enable the jury, that body charged with the responsibility of ascertaining the facts, to find that this defendant was guilty of negligence.

And now, April 4, 1928, defendant's motion is sustained and judgment entered for the defendant *non obstante veredicto*.