## Clyde Harkins *v.* The Pittsburg, Allegheny and Manchester Traction Company Corporation, Appellant.

*Negligence—Street railways—Infant—Contributory negligence—Speed of car.*

In an action to recover damages for injuries to a child by an electric car, the case is for the jury where plaintiff's witnesses although contradicted, testify that the car was moving at an unusually high rate of speed, that the view of the whole street in front was unobstructed, that the child was seen by passengers in the car walking from the foot pavement to the track, and would have been seen by the motorman in time to stop the car, if he had not been looking at a house at the side of the street where a number of persons were assembled.

In such a case the question of the parents' contributory negligence in not properly protecting the child, is for the jury, where the evidence shows that the child was two years and eleven months old, that the mother had asked her brother, the child's uncle, a boy fourteen years old, to go to a store on the opposite side of the street for a loaf of bread ; that the child begged to go with him ; that the mother carried the child across the street and left him on the pavement in care of his uncle ; that the two children walked down the street together a short distance when the younger asked the older to get him a piece of ice from a wagon standing on the other side of the street ; that the boy cautioning the child to remain where he was, ran across the street, got the ice and started to return when he noticed that the child was following him, and was then on the car track ; that the car was at the distance of the width of two or three stores, and moved so rapidly that the child was struck before he could reach him ; that the uncle of the child was a member of his sister's family, and had frequently aided in taking care of the child.

Argued Nov. 5, 1895. Appeal, No. 231, Oct. T., 1895, by defendant, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1893, No. 260, on verdict for plaintiff. Before STER-RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass to recover damages for expenses and loss of services resulting from an injury to a minor child.    Before KENNEDY, P. J.

At the trial it appeared that on June 14, 1893, the plaintiff's son, George Harkins, then about two years and eleven months old was run over by one of defendant's electric cars on Preble avenue, Allegheny City.    The circumstances of the accident are stated in the opinion of the Supreme Court.

Defendant presented, among others, the following point:

4. Under all the evidence in the case the verdict should be for the defendant.    *Answer:* Refused. [1]

Verdict for plaintiff for $2,560.    Judgment entered for $1,400.

*Error assigned*, among others, was above instruction, quoting it.

. *A. M. Neeper*, for appellant.

*Thomas M. Marshall, Jr., Frank P. Sproul* with him, for appellee, cited Railway Co. v. Pearson, 72 Pa. 169.

OPINION BY MR. JUSTICE FELL, January 6, 1896:

This action was brought by a father to recover for expenses and loss of services resulting from an injury to his minor child. The only assignment of error to be considered relates to the refusal of the court to direct a verdict for the defendant.    The testimony in relation to the rate of speed at which the car was moving, to obstructions in the street, to the attention which the motorman gave to his duties, and to the question whether the child who was injured came so suddenly upon the track from behind a wagon as not to be seen in time to stop the car before he was struck, was conflicting and contradictory.    If credit is given to the plaintiff's witnesses the car was moving at an unusually high rate of speed, the view of the whole street in front was unobstructed, the child was seen by passengers in the car walking from the foot pavement to the track and would have been seen by the motorman if he had properly attended to his duty long enough before the point of the accident was reached to have enabled him to stop the car; and the motorman instead of looking ahead was looking at a house at the side of the street

where a number of persons had assembled, and he was negligent in not sooner stopping the car after the child was struck, and thus avoiding the more serious injuries which resulted from the child's clothing becoming entangled in the machinery. This testimony was sufficient to carry the case to the jury unless it appeared that there was contributory negligence. The child injured was two years and eleven months old. His mother had asked her brother, the child's uncle, a boy fourteen years old, to go to a store on the opposite side of the street for a loaf of bread. The child begged to go with him. For greater safety the mother carried the child across the street and left him on the pavement in the care of his uncle. The two children walked down the street together a short distance, when the younger asked the older to get him a piece of ice from a wagon standing on the other side of the street. Cautioning him to remain where he was the older boy ran across the street, got the ice and started to return. As he stepped down from the wagon he noticed that the child had started to follow him, and was then on the car tracks. The car was at the distance of the width of two or three stores, and moved so rapidly that the child was struck before he could reach him.

The only question raised at the trial which has been argued here is whether the parents of the child who was injured negligently permitted him to go upon the street without a suitable protector. The defense was confined to this ground, and the question of imputable negligence was not considered and is not now raised. The older boy was fourteen years of age. He was a member of his sister's family, and had frequently aided in taking care of the child. The presumption is in favor of his capacity as a care taker, and there was no evidence of his incapacity, unless it be found in the particular occurrence under investigation. The question was for the jury, and the case should not have been withdrawn.

The judgment is affirmed.