Kroesen *v.* New Castle Electric Street Railway Company (No. 1).

*Negligence—Infant of tender years—Street railways—Province of court and jury.*

It is only in clear cases where neither the facts nor the inferences to be drawn from them are in doubt that the court is warranted in withdrawing the question of negligence from the jury.

Where a motorman sees a child of tender years in the street in front of his moving car, he owes to the child unusual care to guard it against accident.

In an action against a street passenger railway company to recover damages for injuries to a child four years old, the testimony for plaintiff tended to show that the car was at a full stop at the end of its route. When the motorman was about to start it, the plaintiff left a chair on which she had been sitting on the sidewalk and crossed the street to the curb on the other side, and then turned and walked back to the middle of the track, where she stopped and stood apparently confused by cries of alarm from a number of persons who saw her danger. When the plaintiff started to cross

the street, the car was within 300 feet of her, and when she turned to recross it was not more than 120 feet from her, and she was less than twelve feet from the track. It was Sunday evening and children were playing on the sidewalk. The street was but twenty-nine feet in width between the curbs; it was entirely free of vehicles, and there was nothing to obstruct the view. The motorman was not looking ahead, but to one side toward a passenger who was riding on the front platform. *Held* (1) that the case was for the jury; (2) that the jury might well infer that if the motorman failed to look ahead he was negligent, or that if he looked he saw the child and was negligent in not controlling the motion of the car so as to avoid injuring her; (3) that a verdict and judgment for the plaintiff should be sustained.

Argued Oct. 18, 1900. Appeal, No. 78, Oct. T., 1900, by defendant, from judgment of C. P. Lawrence Co., June T., 1898, No. 47, on verdict for plaintiff in case of Elanor Alice Kroesen, a minor, by Edward Kroesen, her father and next friend, and Edward Kroesen in his own right, v. New Castle Electric Street Railway Company. Before McCollum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Trespass for personal injuries. Before Wallace, P. J.

At the trial it appeared that the plaintiff, a child about four years old at the time of the accident, was injured about seven o'clock in the evening of April 12, 1896, by being run down by one of defendant's electric cars. The circumstances of the accident are fully stated in the opinion of the Supreme Court. The court refused binding instructions for the defendant.

Verdict and judgment for plaintiff for $4,327.90. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

B. A. *Winternitz*, with him *John G. McConahy* and *D. B. & L. T. Kurtz*, for appellant.—The sudden and unexpected act of the child in running in front of the car could not be anticipated by the motorman in time to prevent the accident: McCulley v. Clark, 40 Pa. 399; Reading & Columbia R. R. Co. v. Ritchie, 102 Pa. 425; Phila. & Reading R. R. Co. v. Yeager, 73 Pa. 127; Howard Express Co. v. Wile, 64 Pa. 201; Hyatt v. Johnston, 91 Pa. 196; Kay v. Penna R. Co., 65 Pa. 276; Baltimore & Ohio R. R. Co. v. Schwindling, 101 Pa. 258.

This case comes within that class of cases where it is held that the motorman is not bound to anticipate the sudden action of a child in attempting to cross the track immediately in front of an approaching car, and his failure to do so is not negligence : Hestonville, etc., Ry. Co. v. Kelly, 102 Pa. 115; Phillips v. People's Pass. Ry. Co. 190 Pa. 222; Phila. & Reading R. R. Co. v. Spearen, 47 Pa. 300; Funk v. Electric Traction Co., 175 Pa. 559; Fleishman v. Neversink, etc., R. R. Co., 174 Pa. 510; Moss v. Phila. Traction Co., 180 Pa. 389; Kline v. Electric Traction Co., 181 Pa. 276 ; Callary v. Easton Transit Co., 185 Pa. 176; Oster v. Schuylkill Traction Co., 195 Pa. 320.

*Oscar L. Jackson,* for appellees.—Greater care is required in case of children.   Prudent driver slackens speed if a child is on the street : Wharton on Negligence, sec. 313; Jones v. Harris, 186 Pa. 469; Pittsburg, etc., R. R. Co. v. Caldwell, 74 Pa. 421; Levin v. Traction Co., 194 Pa. 156; Smeltz v. Penna. R. Co., 186 Pa. 364.

It is the duty of a street car company to exercise such watchful care as will prevent injuries to persons who may not be able to get out of the way.   Negligence may be inferred where all the circumstances repel any other conclusion : Jones Bros. v. Greensburg Ry. Co., 9 Pa. Superior Ct. 65; Schnur v. Citizens' Traction Co., 153 Pa. 29; Henne v. People's, etc., R. R. Co., 1 Pa. Superior Ct. 311; Ehrisman v. East Harrisburg Ry. Co., 150 Pa. 180; Reilly v. Phila. Traction Co., 176 Pa. 335; Karabuta v. Schuylkill Traction Co., 6 Pa. Superior Ct. 319 ; Woeckner v. Erie Electric Motor Co., 176 Pa. 451; Satinsky v. Mutual Brewing Co., 187 Pa. 57; McCollough v. Pittsburg, etc., Traction Co., 183 Pa. 241; Walbridge v. Schuylkill, etc., Ry. Co., 190 Pa. 274; Oster v. Schuylkill Traction Co., 195 Pa. 320.

Even if the facts are clear, if the issue depends on conclusions to be drawn from them, the case is for the jury : Menner v. Del. & Hud. Canal Co., 7 Pa. Superior Ct. 135; Phillips v. Duquesne Traction Co., 183 Pa. 255.

OPINION BY Mr. JUSTICE FELL, January 7, 1901 :
The refusal of the court to direct a verdict for the defendant

was clearly right. The plaintiff was not of an age to be charged with contributory negligence. The testimony on her behalf tended to establish these facts: The car was at a full stop at the end of its route. When the motorman was about to start it, the plaintiff left a chair on which she had been sitting on the sidewalk, and crossed the street to the curb on the other side, and then turned and walked back to the middle of the track, where she stopped and stood apparently confused by cries of alarm from a number of persons who saw her danger. When the plaintiff started to cross the street, the car was within 300 feet of her, and when she turned to recross it was not more than 120 feet from her, and she was less than twelve feet from the track. It was Sunday evening and children were playing on the sidewalk. The street was but twenty-nine feet in width between the curbs; it was entirely free of vehicles and there was nothing to obstruct the view. The motorman was not looking ahead, but to one side toward a passenger who was riding on the front platform.

The case presented by this testimony was not that of a child suddenly and unexpectedly running in front of a moving car, and giving rise to an immediate danger against which there was no opportunity to guard. The circumstances were such as to require unusual care on the part of the motorman, and he had ample opportunity to observe the danger in time to guard against it. The jury might well infer that if he failed to look ahead he was negligent, or that, if he looked, he saw the child and was negligent in not controlling the motion of the car so as to avoid injuring her. It is only in clear cases where neither the facts nor the inferences to be drawn from them are in doubt that the court is warranted in withdrawing the question of negligence from the jury. This is far from being such a case.

The judgment is affirmed.