# Nolder *v.* McKeesport, Wilmerding & Duquense Railway Company, Appellant.

*Negligence—Street railways—Infant of tender age—Speed.*

In an action against a street railway company to recover damages for personal injuries to a child four years old, a verdict and judgment for plaintiff will be sustained, where the evidence tends to show that the child started to cross the street where she was injured, when the car was at least 100 feet away, that she was in plain view of the motorman who could readily have seen her in time to have stopped the car, and that the car was going, by the evidence of the motorman himself, at the rate that full power would take it.

Argued Oct. 30, 1901.   Appeal, Nos. 46 and 47, Oct. T.,
by defendant, from judgment of C. P. No. 2, Allegheny Co.,
July T., 1899, No. 568, on verdict for plaintiff in case of A. S.
Nolder in his own right and as father and next friend of Anna
Bell Nolder v. McKeesport, Wilmerding & Duquense Railway
Company.   Before McCollum, C. J., Mitchell, Dean, Fell,
Brown and Potter, JJ.   Affirmed.

Trespass to recover damages for personal injuries sustained
by a child four years old.   Before Shafer, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiffs for $550 and $2,250, re-
spectively.   Defendant appealed.

*Error assigned* was in refusing binding instructions for de-
fendant.

*William S. Dalzell,* with him *William Scott* and *George B.
Gordon,* for appellant.

*T. C. Jones,* and *J. C. Boyer,* for appellees, were not heard.

Per Curiam, January 6, 1902:

No error was committed by the court in the submission of
the case to the jury.   There was evidence showing that the car
was moving at an unusual rate of speed.   The motorman re-
ferring to it on cross-examination said, " We were going at the
rate that full power takes us," " and were going as fast as the
car could go."   There was also testimony showing that the
child started to cross the street when the car was at least 100
feet away and when she was in plain view of the motorman
who could readily have seen her in time to have stopped the
car.   See Kroesen v. New Castle Electric St. Ry. Co., 198 Pa.
26.

Judgment affirmed.