## Jones *v.* United Traction Company, Appellant (No. 1).

*Negligence—Street railway—Infant of tender age.*

In an action against a street railway company by an infant two years old to recover damages for personal injuries, the case is for the jury where the only person who saw the accident testified that the child was injured by a car; that he, the witness, was on the side of the street next to the west-bound track when he saw the child on it, facing the approaching car, about 150 feet from where he was standing, and that the car was about the same distance west of the child or 300 feet from him; that he saw her going up the west-bound track and fearing an accident, started to run for her, and when she was about two car lengths from the car, she crossed over to the east-bound track and was struck; that he saw the car as soon as he saw the child; and the motorman was in plain view and when she crossed over to the east-bound track, about two car lengths in front of the car, he waved for the motorman to stop.

Argued Nov. 4, 1901. Appeal, No. 115, Oct. T., 1901, by defendant, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1900, No. 712, on verdict for plaintiff, in case of Ruth E. Jones (Minor), by her Father and Next Friend, Edward Jones v. United Traction Company. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for personal injuries to a child two years old. Before McCLUNG, J.

The facts are stated in the opinion of the Supreme Court.

Verdict for plaintiff for $4,500, upon which judgment was entered for $3,000, all in excess having been remitted. Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*Edwin W. Smith,* with him *Knox & Reed,* for appellant, cited · Schnur v. Citizens' Traction Co., 153 Pa. 29; Moss v. Philadelphia Traction Co., 180 Pa. 389.

*Rody P. Marshall,* with him *Thomas M. Marshall,* for appellees, cited: Evers v. Phila. Traction Co., 176 Pa. 376; Thompson v. United Traction Co., 193 Pa. 555; Woeckner v. Erie Electric Motor Co., 176 Pa. 451; 182 Pa. 182.

OPINION BY MR. JUSTICE BROWN, January 6, 1902:

On September 9, 1899, when Ruth E. Jones was injured, she was not quite two years old.   No negligence can be imputed to her, and that charged against the defendant company is that the motorman when he saw the child, or ought to have seen her on the track in front of him or approaching it from the west-bound track did not stop or get his car under control so as to avoid the collision.   The accident occurred on Penn avenue, the principal thoroughfare in the borough of Turtle Creek.   At the point of collision there were two tracks of the United Traction Company, and the child was struck on the east bound one by a car going towards Wilmerding.   The other or west-bound track was for cars going towards Pittsburg.   The testimony of V. J. Buck, the only witness to the occurrence called by the plaintiff, was that he was on the side of the street next to the west-bound track when he saw the child on it, facing the approaching car, about 150 feet from where he was standing, and that the car was about the same distance west of the child or 300 feet from him ; that he saw her going up the west-bound track and fearing an accident, started to run for her, and when she was about two car lengths from the car, she crossed over to the east-bound track and was struck ; that he saw the car as soon as he saw the child, and the motorman was in plain view, and when she crossed over to the east-bound track, about two car lengths in front of the car, he waved for the motorman to stop.   According to this testimony, even if there was a curve in the tracks and piles of brick and sand were alongside the east bound one, upon which the car was coming, there was a line of vision of 300 feet between the motorman and the witness when the latter from the pavement saw the child on the west-bound track, half way between them; and the motorman, on the east-bound track, therefore, saw, or ought to have seen, her 150 feet ahead of him. She was not at that time, it is true, on his track, but he was bound to know that in her childish caprice she was as likely to cross over in front of his moving car as to go back to the pavement, and his duty the instant he saw her, or if exercising proper care and watchfulness, he ought to have seen her, was to stop or to so absolutely control his car as to avoid the risk before him. The witness says, as stated, that when the child was on the east-bound track two car lengths ahead of the coming car he waved

to the motorman in plain view of him, to stop, and at the moderate rate of speed the car was running, it was for the jury to say whether there was negligence in not stopping before the child was reached.

It is not to be conceived that the motorman wilfully ran his car upon this little child, but, according to the testimony to which we have referred, in running his car he was not properly regardful of his duty to look constantly ahead of him, on the alert to avoid just what happened.   The plaintiff's case as made out, was clearly for the jury and nothing developed in the defense could have justified the court in taking it from them. Their finding that the motorman was careless was fully warranted, and the judgment is affirmed.