## Tatarewicz *v.* United Traction Company, Appellant.

*Negligence—Street railways—Infant—Duty of motorman.*

If a motorman sees a child in a place of danger, or has reason to apprehend that the child may run into a place of danger, and there is sufficient time to stop the car if under proper control, it is his duty to do so, and if the car is not under proper control, or if the motorman neglects to stop it in time if under control, and the child is injured, the railway company will be liable.

In an action against a street railway company to recover damages for injuries to a child of tender years, the case is for the jury, where the evidence shows that the motorman saw the child running towards the tracks when the car was from forty to sixty feet away from the point of the accident, and that the car, if it had been traveling at an ordinary rate of speed, could have been stopped within twenty to twenty-five feet.

Argued March 2, 1908. Appeal, No. 197, Jan. T., 1907, by defendant, from judgment of C. P. Berks Co., Aug. T., 1906, No. 21, on verdict for plaintiff in case of Simon Tatarewicz

and Julia Tatarewicz, by her next friend and father, Simon Tatarewicz, v. The United Traction Company. Before MITCH-ELL, C. J., FELL, BROWN, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for injuries to a child about nine years old. Before ENDLICH, J.

At the trial it appeared that Julia Tatarewicz, a child nine and half years of age, was injured on November 18, 1905, by being run down by one of the defendant's cars. The evidence tended to show that the motorman saw the child running towards the track when the car was within forty to sixty feet from the point of the accident. There was also evidence that if the car had been running at an ordinary rate of speed it could have been stopped from within twenty to twenty-five feet.

The court refused binding instructions for defendant.

Verdict and judgment for Simon Tatarewicz for $200 and Julia Tatarewicz for $1,800. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant, and in refusing to render judgment for defendant non obstante veredicto.

*Jefferson Snyder,* of *Snyder & Zeiber,* with him *R. L. Jones* and *J. Milton Miller,* for appellant, cited : Thomas v. Pass. Ry. Co., 132 Pa. 504 ; Pass. Ry. Co. v. Connell, 88 Pa. 520 ; Hestonville, etc., Pass. R. R. Co. v. Kelley, 102 Pa. 115 ; Sekerak v. Jutte, 153 Pa. 117 ; Phillips v. People's Pass. Ry. Co., 190 Pa. 222 ; Ackerman v. Traction Co., 205 Pa. 477 ; McKee v. Traction Co., 211 Pa. 47 ; Funk v. Traction Co., 175 Pa. 559 ; Kline v. Traction Co., 181 Pa. 276 ; Pletcher v. Traction Co., 185 Pa. 147 ; Chilton v. Central Traction Co., 152 Pa. 425 ; Flanagan v. Ry. Co., 163 Pa. 102 ; R. R. Co. v. Spearen, 47 Pa. 300.

*Frederick W. Nicolls,* for appellee, cited : Evers v. Traction Co., 176 Pa. 376 ; Weeckner v. Erie Electric Motor Co., 176 Pa. 451 ; Jones v. Traction Co., 201 Pa. 344 ; Iaquinta v. Traction Co., 166 Pa. 63 ; Beard v. Ry. Co., 3 Pa. Superior Ct. 171 ; Conner v. Rys. Co., 216 Pa. 609 ; Karahuta v. Traction Co., 6 Pa. Superior Ct. 319 ; McCullough v. Traction Co., 183 Pa.

241; Hooper v. Traction Co., 17 Pa. Superior Ct. 638; Harkins v. Traction Co., 173 Pa. 146; Schnur v. Traction Co., 153 Pa. 29; Dunseath v. Traction Co., 161 Pa. 124.

OPINION BY MR. JUSTICE ELKIN, April 20, 1908:

The negligence alleged in the statement of claim is that the agents and employees of the defendant company ran the car which caused the accident along the street carelessly and inattentively at an undue and unusual rate of speed, without giving any signal or warning of its approach. The answer of appellant is that the accident did not occur at a street crossing, and hence ordinarily there was no duty to give signals, and that the evidence of undue speed only amounted to a scintilla, and should not have been submitted to the jury, and that there was not sufficient testimony produced at the trial from which the jury should be permitted to infer that the motorman had been careless or inattentive in the performance of his duties. It is contended for appellant that the present case comes within the rule of those cases which hold that a street railway company is not liable for damages in an action for personal injuries where a child unexpectedly leaves a place of safety and suddenly darts in front of a running car. Sontgen v. Street Railway Co., 213 Pa. 114, and the cases there cited belong to this class. The reason for the application of the rule is that it is not the duty of a street railway company to anticipate and provide against every exigency or possible contingency that may suddenly arise in the operation of its lines, but that it performs its whole duty by the exercise of care according to the circumstances. Hence, when a child standing in a place of safety at the curb or elsewhere, even if seen by the motorman, gives no notice of an intention to cross the street, nor makes any movement to indicate such a purpose until the car is so near that it cannot be stopped, when the child suddenly darts in front of it and is injured, the law says there can be no recovery because, under such circumstances, failure to stop the car in time to avoid the accident is not negligence. It must be borne in mind, however, that in this line of cases lack of notice to put the motorman on guard so as to appreciate the danger, and want of time to avoid it, are of the essence of the rule. But in no case has it ever been

held that if the motorman saw the child in a place of danger, or had reason to apprehend that it might run into a place of danger, and there was sufficient time to stop the car if under proper control, a duty resting on him at all times, it was not his duty to do so, or that the company was relieved from liability in such a case. In many cases the evidence was conflicting as to these material circumstances, and did not so clearly establish the facts as to warrant a court in deciding as a matter of law that there was no failure of duty in not stopping the car in time, and in such cases it was left to the jury to determine the question under proper instructions by the trial judge. The case at bar belongs to this class. It is the duty of a motorman to keep a constant lookout ahead, and to have such control of his car as to avoid dangers ordinarily incident to its operation, and also to avoid such unusual and unexpected dangers as he saw in time to avoid. The testimony in the present case, even that of the motorman himself, clearly shows that he saw the child running toward the tracks when the car was from forty to sixty feet away from the point of accident, and it was also proven as a fact that when traveling at an ordinary rate of speed it could be stopped within twenty to twenty-five feet. It necessarily follows that if the motorman had proper control of his car under this state of facts he should have stopped it in time to avoid the accident. He testified that as soon as he saw that the child expected to cross the street he threw off the current, put on the brake, and did everything possible for him to do to avoid the collision. But this testimony, in connection with the other proven facts, was for the jury, where the learned trial judge left it in a painstaking charge, carefully and properly defining the rights and liabilities of the parties.

After a careful examination of the whole record, the charge and opinion of the learned trial judge and the very able briefs submitted for our consideration, we have concluded that the case was properly disposed of in the court below on the authority of Evers v. Traction Co., 176 Pa. 376; Woeckner v. Erie Electric Motor Co., 176 Pa. 451; Jones v. Traction Co., 201 Pa. 344, and Conner v. Rys. Co., 216 Pa. 609, and that line of cases.

Judgment affirmed.