# Slavin *v.* Northern Cambria Street Railway Company, Appellant.

*Negligence—Street railways—Infant—Negligence of motorman.*

1. In an action against a street railway company to recover damages for injuries to a child two years old, the case is for the jury, where the evidence for the plaintiff tends to show that the motorman had a view of the child close to the tracks when his car was ninety feet away, that this view was unobstructed, that the father of the child signaled the motorman to stop when the car was ninety feet away, and that the child by a movement had indicated an intention to cross the track and had gone back, which movement the motorman had seen.

*Practice, C. P.—Trial—Charge—Mistake of court—Appeal.*

2. A party may not sit silent and take his chances of a verdict, and then if it is adverse, complain of a matter, which if an error, would have been immediately rectified by the trial judge, and made harmless.

Argued May 1, 1911. Appeal, No. 40, April T., 1911, by Northern Cambria Street Railway Company, from

judgment of C. P. Cambria Co., Sept. T., 1908, No. 361, on verdict for plaintiff in case of Russell Slavin, a minor, by his parents and next friends, Frank F. and Margaret Slavin and Frank F. and Margaret Slavin, his parents, in their own right, v. Northern Cambria Street Railway Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass to recover damages for injuries to a child two years old. Before O'CONNOR, P. J.

The circumstances of the accident are stated in the opinion of the Superior Court.

At the trial the jury returned a verdict for $2,500 for the child, on which judgment was entered for $1,000, all above that amount having been remitted. Defendant appealed.

*Errors assigned* were portions of the charge, and the charge as a whole.

*P. J. Little*, for appellant.

*George E. Wolfe*, for appellee.

OPINION BY HENDERSON, J., July 13, 1911:

The injury complained of was received when Russell Slavin was less than two years old. He had wandered away from his mother, who was in her husband's store, to the opposite side of the street where some children were playing on a pile of sand thrown out of a ditch which had been excavated there. The negligence complained of was the carelessness and inattention of the motorman in the management of his car by reason of which he allowed it to run against the child when he might reasonably have avoided the accident. Evidence was presented showing that the children were playing in the street at the sand pile a few feet from the street car track between Tenth and Eleventh streets in the borough of Spangler, and that this child started toward the street car track to

meet his father who was on the opposite side looking for him, at which time the car was more than ninety feet away from the point of collision. The father signaled to the motorman and attempted to stop the car but did not succeed and the car ran on to the regular stopping place at Eleventh street, about ninety feet beyond the place where the child was hurt. There was an unobstructed view of the street and of the children playing in the sand. The motorman testified that when he first saw the boy he was playing on the bank with some others about twelve or fifteen feet from the track; that the child "kind of made an attempt to cross and started back and then I threw off my air, the car plunged along and when I got fornenst the child he started to cross again." He could not state, however, how far the car was away when the child made the first attempt to cross. If the evidence of the plaintiff is to be credited the case was for the jury on the proof that there was time to stop the car before the boy arrived at the place where he was struck, for the testimony of the father is clear that the child was coming toward the track when the car was about ninety-four feet away and that he signaled the motorman to stop, and in this he is corroborated by other witnesses. Irrespective of the action of the father, however, it was the duty of the motorman to keep a constant lookout ahead and to so control his car as to avoid accidents incident to its ordinary operation and also such unexpected dangers as might be avoided by the exercise of due care. Where a motorman sees a child in a place of danger or has reason to apprehend that it might run into a place of danger and has sufficient time to stop his car if under proper control it is his duty to exercise such care as would be reasonably necessary to avoid a collision. Where a child is in a place of safety on the sidewalk or elsewhere and exhibits no intention to cross the track nor makes any movement showing such a purpose until the car is so near that it cannot be stopped and the child suddenly darts in front of it and is injured the company is not chargeable with neg-

ligence because of the failure of the motorman to stop the car. It cannot be expected to guard against every possible contingency and become an insurer against all accidents, but this exemption exists because of want of notice to put the motorman on guard and a lack of time after he has notice of the danger to escape. The children in the street were visible for a long distance, and while no one of them was on the track they were playing so close to it that the motorman was bound to know that in their childish sportiveness and heedlessness some of them were likely to be on or near the track and it was his duty to exercise proper care and watchfulness, and especially so where as in this case the child indicated an intention to cross the track which the motorman supposed had been abandoned because it went back toward the sand pile. It is not the case of a child darting suddenly in front of or against a moving car, for the motorman had warning that it was in a place of danger. Under a similar state of facts Woeckner v. Erie Elec. Motor Co., 176 Pa. 451, was held to be a case for the jury; and Jones v. United Trac. Co., 201 Pa. 344; Tatarewicz v. United Trac. Co., 220 Pa. 560, and Distasio v. United Trac. Co., 35 Pa. Superior Ct. 406, are of like import. Two of the defendant's witnesses alleged that the child was not struck by the car but was thrown back by one of the employees of the company who was riding on the front platform and who got onto the step to push the child out of danger, but the evidence is contradictory on this point and the testimony of near by witnesses who saw the accident is direct in support of the plaintiff's claim that the child was struck by the step of the car, and of course this became a question for the jury. We regard the case as one of fact under the evidence and the court was not in error, therefore, in refusing to give binding instructions for the defendant. The case was presented to the jury in a charge of which the appellant has no substantial reason to complain. The portions excepted to when read in connection with the whole charge do not justify the criticism to which they

are subjected. If every word of the charge of a judge were to be scrutinized by the standard of critical exactness many of them would not bear the test. This must necessarily be so in the haste of a trial before a jury; but where the charge fairly and clearly presents the law, verbal inadvertences which do not clearly mislead the jury ought not to be made a ground of reversal. If a distinction between "careless" and "negligent" or "negligent" and "actually negligent" or " performing his duty" and "performing his full duty" was considered real and important the counsel for the defendant should have brought the matter to the attention of the court in order that the ideas might be more exactly expressed if in the judgment of the court that was necessary. "A party may not sit silent and take his chances of a verdict and then if it is adverse complain of a matter which if an error would have been immediately rectified and made harmless:" Com. v. Razmus, 210 Pa. 609.

The judgment is affirmed.