# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA

## Reichle *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Street car companies—Motorman—Duty to look—Injury to child.*

A case against a street railway company to recover damages for injuries sustained by a child six years of age, is necessarily for the jury where the evidence produced on behalf of the plaintiff tended to show that the child started to run across the street in front of the car, and fell upon the track about twenty-five feet distant therefrom; that the motorman did not see the child until it was struck by the fender; that if he had been looking ahead he would have seen it; that the car stopped within six feet, after the child was struck, and the motorman could have stopped it had he seen the child when it fell. The fact that the accident occurred near an intersecting street, and that the motorman, in the exercise of his duty, was obliged to look up and down such street as he approached the crossing, is not material, where the car had already made the crossing, before the child fell upon the track.

Argued April 2, 1913. Appeal, No. 3, Jan. T., 1913, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Sept. T., 1911, No. 4279, on verdict for plaintiff in case of Charles W. Reichle, in his own right, and Viola Reichle, by her father and next friend, Charles W. Reichle, v. Philadelphia Rapid Transit Company. Before FELL, C. J., POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries to a minor child.  Before STAPLES, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for the child for $10,000, (subsequently reduced to $7,000), and for the father for $500, and judgment thereon.

*Errors assigned,* among others, were the refusal of the court to direct a verdict for defendant, and to enter judgment for defendant n. o. v.

*Bernard J. O'Connell,* for appellant, cited: Severino v. Philadelphia Rapid Transit Company, 236 Pa. 258; Thomas v. Rys., 132 Pa. 504; Johnson v. Ry. Co., 160 Pa. 647; Gould v. Traction Co., 190 Pa. 198; Young v. Omnibus Company, 180 Pa. 75; Mulcahy v. Traction Co., 185 Pa. 427; Estep v. Coal Co., 213 Pa. 471; Kochesperger v. Transit Co., 217 Pa. 320.

*Linwood L. Hallman,* for appellee, cited: Rymowich v. Ry. Co., 231 Pa. 582.

OPINION BY MR. JUSTICE ELKIN, May 5, 1913:

At the time of the accident the injured child was less than six years of age.  Contributory negligence can not be imputed to a child of such tender years and therefore the whole case turns on the question of the negligence of the defendant.  Negligent operation of the car by the motorman is charged and this question was submitted to the jury at the trial.  The only question raised by appellant is whether the evidence introduced by plaintiff discloses any negligence for which defendant is liable in damages.  The negligence relied on to sustain a recovery is that the motorman failed in the performance of his duty to keep a lookout ahead so as to see dangers and avoid accidents such as occurred in this case.  Appellee contends that if the motorman had been looking ahead, as it was his duty to do, he would have seen the

child in time to stop the car before running her down. On the other hand it is contended for appellant that there was no evidence to show neglect of duty in this respect by the motorman, and that the accident was unavoidable on account of the child suddenly running in front of a moving car so that when she fell the motorman did not have time to stop the car before it struck her. It will be seen at a glance that the answer to these respective positions depends upon the facts. The testimony is in direct conflict as to the direction the child was going when she slipped and fell on the track. The plaintiffs' witnesses testified that the child started from the curb on the west side of Sixteenth street, crossed the tracks in an easterly direction and fell on the east rail. That the child walked or ran from the west toward the east side of the street is disputed by appellant whose witnesses in the court below testified that the child was playing near the northeast corner of Sixteenth and Bainbridge streets, and ran diagonally across the street in a westerly direction, and that she fell on the first or east rail as the car approached. The learned trial judge instructed the jury that if the accident happened as the witnesses for defendant testified there could be no recovery in the case. If the jury so found it would be clear that the child thoughtlessly ran in front of a moving car and was immediately struck on the first rail. If the accident occurred in this way it would have been impossible for the motorman to have avoided it and defendant company would not have been liable. But if the accident happened as the witnesses for plaintiffs say it did, the motorman might have avoided it if he had been looking ahead and had seen the child just as she fell. What occurred at the time amounts to a demonstration that this is true. Evidently the motorman did not see the child until he heard a scream as the car struck her. This was his declaration at the time according to the testimony and he did not contradict it. He then brought the car to a stop in about six feet, so that only

the front wheel of the front truck caught the child. The car was moving at a moderate rate of speed and that the motorman had control of it is shown by the fact of stopping it in about six feet. Some of the witnesses testified that the child fell on the front rail just as the fender of the car passed over the intersecting tracks on Bainbridge street. This was a distance of twenty or twenty-five feet from the place where the child fell, at least the jury would have been warranted in so finding from the testimony. If the motorman had been looking ahead as the car left Bainbridge street he would have seen the child and would have had ample time to stop the car before running her down. He stopped the car in six feet after it struck the child and certainly could have stopped it in twenty feet before it struck her if he had seen her danger. It is argued, however, that the accident occurred near an intersecting street and that the motorman had the right under the authority of our cases to look up and down the street while crossing over. This is certainly true as to the duty of a motorman when his car is approaching such a crossing, but the car in the present case had passed the point where the motorman had any duty to perform in looking up or down the intersecting street when the child fell on the rail. The fender of the car had just passed over the last rail of the Bainbridge street track when the child fell and the motorman had a clear view ahead of him if he had been looking in that direction. As we view the situation the duty of the motorman to look ahead is not excused by the fact that as he approached the crossing he might very properly look up and down the intersecting street. That time had passed when the child fell on the rail, or at least the jury would have been warranted in so finding. There was sufficient evidence to take all of these questions to the jury. We have concluded it was a case for the jury and not for the court.

The first assignment relates to that part of the charge in which the learned trial judge instructed the jury

there was no direct testimony showing the exact position of the car at the precise moment when the child fell. The testimony differed as to the position of the car at the time the child fell on the rail and this no doubt is what the trial judge had in mind. In several instances the jury were carefully instructed on this question and no harm could possibly have been done appellant by the instruction complained of in this assignment.

The case was carefully tried and every disputed question was submitted to the jury in a charge free from just criticism. There is only one question in the case and that is whether it should have been submitted to the jury at all. It is only in clear cases that the courts can declare the rights of the parties as a matter of law in controversies growing out of negligent acts. While this is a close case we think it was for the jury.

Judgment affirmed.