# Drenberg v. Mahoning and Shenango Railway & Light Company, Appellant.

*Street railways—Negligence—Infant—Contributory negligence—Damages—Case for jury.*

1. A child five years old struck by an electric car will be entitled to damages from the company operating the car, where it appears that the motorman could have seen the child on the unobstructed street, approaching the track when the car was still over 200 feet distant from the point of the accident, and that the car not only ran that distance, but passed over 140 feet beyond, after striking the boy, before it was stopped.

2. In such a case the question of the relative rights of pedestrians and street railway companies on public streets, is immaterial to the issue, inasmuch as a child of five years cannot be held guilty of contributory negligence.

3. Where the testimony of physicians is conflicting as to whether injuries to a child five years old are permanent, the question raised by conflicting testimony must be determined by the jury under proper instructions from the court.

Argued May 12, 1913. Appeal, No. 66, April T., 1913, by defendant, from judgment of C. P. Lawrence Co., June T., 1911, No. 50, on verdict for plaintiff in case of Aaron Drenberg, a minor, by his next friend and father, Gustave A. Drenberg, and Gustave A. Drenberg, in his own right, v. The Mahoning and Shenango Railway & Light Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before W. E. PORTER, J.

The circumstances of the accident are stated in the opinion of the Superior Court.

At the trial the jury returned a verdict for the father, Gustave A. Drenberg, for $500, and for the son, Aaron Drenberg, $1,500. Subsequently the court entered judgment against the father non obstante veredicto, but

overruled defendant's motion for judgment n. o. v. as against the child.

It appeared from the opinion of the court below that judgment was entered against the father because he had been guilty of contributory negligence in permitting the child to wander unattended upon the public streets.

*Error assigned* among others was refusal to enter judgment for defendant n. o. v. as to the child.

*C. H. Akens,* with him *Fred J. Heim* and *Akens, Wilkinson, Lockhart & Chambers,* for appellant, cited: Flanagan v. Ry. Co., 163 Pa. 102; Eastburn v. U. S. Exp. Co., 225 Pa. 33; McKee v. Traction Co., 211 Pa. 47; Phila. & Reading R. R. Co. v. Hummell, 44 Pa. 375; Moss v. Traction Co., 180 Pa. 389; Cominskey v. Ry. Co., 4 Pa. Superior Ct. 631; Gilmartin v. Transit Co., 186 Pa. 193; Penman v. Ry. Co., 201 Pa. 247; Barto v. Beaver Valley Trac. Co., 216 Pa. 328.

*W. D. Wallace,* with him *Samuel Clark,* for appellee, cited: Yingst v. Ry. Co., 167 Pa. 438; Davison v. Traction Co., 10 Pa. Superior Ct. 442; Dunseath v. Traction Co., 161 Pa. 124; Citizens' Pass. Ry. Co. v. Foxley, 107 Pa. 537.

OPINION BY PORTER, J., October 13, 1913:

The refusal of the court to direct a verdict for the defendant was clearly right. The plaintiff, at the time of the injury, was only five years old and could not be charged with contributory negligence. The testimony on his behalf, although contradicted, was sufficient to warrant a finding of these facts. The plaintiff was playing on the sidewalk with two or three other children; he left the cartway and started across the street. From the curb to the nearest rail of the street car track was a distance of eight feet, he had crossed this space, entered upon the street car track and was about one foot from

the second rail of the track when he was struck by a car of the defendant company. When the plaintiff left the sidewalk and started across the cartway of the street, toward the track, the car which struck him was over 200 feet distant, and when the child was within one foot of the track and about to enter upon it the car which was then rapidly approaching was still between 113 and 132 feet distant from the point of the accident. The child entered upon the track and, the car continuing to move rapidly, he was violently thrown upon the fender of the car and severely injured. The witness Pitts, on behalf of the plaintiff, testified that he had been a fireman on steam railroads and had experience in estimating the speed of moving objects; that he lived upon the street along which these cars operated and had observed their rate of speed. This witness said that he had particularly noticed the speed at which the car in question moved, that he noticed it from the time it left Mahoning avenue until it got down nearly to Swansea avenue (which covered the point of the accident) and that the car was running "faster than any other car that day or any other day that I ever noticed." He said, "I think at least it was running twenty miles an hour." The motorman operating the car testified that it was moving at the usual rate of speed and that the boy was only about fifteen feet in front of the car when he started to cross the track. The following facts were upon all hands admitted to be true. The street was entirely unobstructed and the motorman could have seen the boy from the moment he started to leave the sidewalk and cross the street; and the car ran over 140 feet after striking the boy, although the motorman had applied the air brake and used sand upon the track. If the testimony on behalf of the plaintiff was true the motorman could have seen this young child approaching the track when the car was still over 200 feet distant from the point of danger, yet the car not only ran that distance but passed over

140 feet beyond, after striking the boy, before it was stopped. The jury would have, therefore, been warranted in finding that the motorman either was not keeping a proper lookout ahead, or that seeing the danger he neglected to take proper measures to avoid it, or that the car was running at such a reckless rate of speed that it could not be stopped in 340 feet. This accident occurred in the built-up portion of the city, and within sixty feet of the crossing of a public street, over which the car carried the boy. The negligence of the defendant company was, under this evidence, a question for the jury: Dunseath v. Traction Co., 161 Pa. 124; Kroesen v. Railway Co., 198 Pa. 26; Jones v. Traction Co., 201 Pa. 344.

The second specification of error attempts to raise the question of the relative rights of pedestrians and street railway companies upon public streets. The court, by affirming the ninth point submitted by the plaintiff, charged the jury that the plaintiff and defendant "had an equal right to the use of the street." This language might be the subject of proper criticism if this plaintiff were a person of mature years, but in the present case the question is purely an academic one. "The dominant right to the use of the tracks of a street railway company is in the company; and that right must be conceded and deferred to by all of the public who have a right to cross the tracks; when about to cross they must use ordinary prudence to ascertain whether the owner of the track is about to use it:" McCracken v. Traction Co., 201 Pa. 378. Persons who have arrived at years of discretion must be required to recognize the fact that the street railway is a public institution and that the right of the public to use that part of a public street within the tracks is superior to the right of the private individual. The effect of the rule is to require those about to enter upon the tracks to use ordinary prudence, their failure to do this is negligence and if they are injured as a consequence they cannot recover

for the injury. But a child of five years of age cannot be held guilty of contributory negligence, as this appellant concedes. The only practical effect of the instruction complained of was, therefore, an instruction to the jury that the plaintiff in entering upon the track was not a trespasser, and this he was not.

Two physicians had testified that the injury to the plaintiff was permanent, that it would impair his earning capacity throughout life. The defendant called three physicians who, while conceding that the plaintiff had not at the time of the trial fully recovered from the injury, were of opinion that he would do so in time. This conflict of testimony presented a question which it was the province of the jury and not the court to decide. In submitting this question to the jury the court properly safeguarded the interests of the defendant, telling them that they must be satisfied from the evidence that the condition would continue until after the plaintiff attained the age of twenty-one years, and if they were satisfied that the impairment would continue after the plaintiff had attained the age of twenty-one years, then they must be satisfied how long the impairment would continue, after the plaintiff had attained his majority, and allow compensation for such period only as they were satisfied the impairment of earning capacity would continue. The court charged the jury that for any impairment of the earning capacity of the plaintiff during his minority the right to recover was not in this plaintiff, but, if any existed, it was in his father. The court below entered judgment against the father, and any question of the earning capacity of the plaintiff during his minority is, therefore, eliminated. We are of opinion that the appellant has no just ground for complaint of the instruction upon this question. The specifications of error are overruled.

The judgment is affirmed.