# Frank *v.* Allegheny Valley Street Railway Company, Appellant.

*Negligence—Street railways—Infant—Killing of child.*

In an action against a street railway company to recover damages for the killing of a child four years old, it is error to submit the case to the jury where the evidence shows that immediately before the accident the child and her caretaker, an old man, were standing about four feet from the car track listening to a hurdy-gurdy played by two men; the child and the old man who were the only spectators stood on the opposite side of the hurdy-gurdy from the approaching car in such a position that the motorman could not see the child; that the gong of the car was sounded some distance from the hurdy-gurdy, and the car approached at a reasonable speed on a level street; that as the car drew near to the hurdy-gurdy the child suddenly, and without any apparent cause "ran or darted away, or jerked loose" from the old man to cross the street, and was killed the instant she crossed the track.

Argued April 17, 1914.   Appeal, No. 88, April T., 1914, by defendant, from judgment of C. P. Allegheny Co., Sept. T., 1911, No. 512, on verdict for plaintiffs in case of Joseph Frank and Lydia E. Frank, his wife, v. Allegheny Valley Street Railway Company.   Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Reversed.

Trespass to recover damages for death of a child of tender years.   Before SHAFER, J.

The facts relating to the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,000.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Stephen Stone,* of *Stone & Stone,* for appellant.—There was no case for the jury: Chilton v. Central Traction

Co., 152 Pa. 425; Funk v. Electric Traction Co., 175 Pa. 559; Kline v. Electric Traction Co., 181 Pa. 276; Callary v. Easton Transit Co., 185 Pa. 176; Sontgen v. Kittanning & Ford City St. Ry. Co., 213 Pa. 114.

*John D. Evans,* for appellees, cited: Gress v. Ry. Co., 14 Pa. Superior Ct. 87; Chilton v. Central Traction Co., 152 Pa. 425; Tatarewicz v. United Traction Co., 220 Pa. 560; Jones v. United Traction Co., 201 Pa. 344; Kroesen v. New Castle, etc., Ry. Co., 198 Pa. 26; Beard v. Reading, etc., Pass. Ry. Co., 3 Pa. Superior Ct. 171; Walbridge v. Schuylkill Elec. Ry. Co., 190 Pa. 274; Hoffman v. Del., Lackawanna & Western R. R. Co., 39 Pa. Superior Ct. 47.

OPINION BY ORLADY, J., December 20, 1914:

An adopted child of the plaintiffs was killed by being run over by a construction car hauling a loaded trailer on the defendant's street railway. A hurdy-gurdy was being played by two Italians, who had placed it about four feet from the car track, and the only spectators were an old man and a four-year old child, which he was holding by the hand as the child's caretaker. The gong of the car was sounded at some distance from the place where the accident occurred, and it approached at a reasonable speed on a level street. The child and the old man were standing on the opposite side of the hurdy-gurdy from the approaching car, and the evidence seems to be free from doubt that as the car was near to the hurdy-gurdy the child suddenly and without any apparent cause "ran or darted away, or jerked loose" from the old man to cross the street, and was killed the instant she entered upon the track. The case is a peculiarly sad one and a very close one under the decisions. There is a well-recognized line of cases which hold, that when a child so suddenly and unexpectedly runs or darts out from a place of safety on to the track that the motorman has not time to avoid the accident, there can be no

recovery. "The reason for the application of the rule
is that, it is not the duty of a street railway company
to anticipate and provide against every exigency or
possible contingency that may suddenly arise in the
operation of its lines, but that it performs its whole
duty by the exercise of care under the circumstances.
Hence, when a child standing in a place of safety at the
curb or elsewhere, even if seen by the motorman, gives
no notice of an intention to cross the street, nor makes
any movement to indicate such a purpose until the car
is so near that it cannot be stopped, and the child sud-
denly darts in front of it and is injured, the law says
there can be no recovery, because under such circum-
stances, failure to stop the car in time to avoid the
accident is not negligence. It must be borne in mind,
however, that in this line of case lack of notice to put
the motorman on guard so as to appreciate the danger,
and want of time to avoid it, are of the essence of the
rule. But in no case has it ever been held that if the
motorman saw the child in a place of danger, or had
reason to apprehend that it might run into a place of
danger, and there was sufficient time to stop the car if
under proper control, a duty resting on him at all
times, it was not his duty to do so, or that the company
was relieved from liability in such a case. In any case
the evidence was conflicting as to these material cir-
cumstances and did not so clearly establish the facts as
to warrant a court in deciding as a matter of law that
there was no failure of duty in not stopping the car in
time, and in such cases it was left to the jury to deter-
mine the question, under proper instructions by the
trial judge:" Taterewicz v. Traction Co., 220 Pa. 560.

While the motorman had a clear view of the street
and saw the hurdy-gurdy placed but four feet from the
track, the only two persons in view were the two opera-
tives and the old man, the child having hidden from
view on the distant side from him. His duty was dis-
charged by approaching the hurdy-gurdy with his car

under such control as to meet the reasonable exigencies of the situation. In Myers v. Pittsburg Ry. Co., 242 Pa. 502, the court said: "The rule in each line of case is established by numerous precedents, but whether one rule or the other shall be applied to a particular case must necessarily depend upon the facts, and the facts determine whether the case is for the jury or for the court." See also Parrotta v. Penna., etc., Ry. Co., 40 Pa. Superior Ct. 138; Slavin v. Northern Cambria, etc., Ry. Co., 47 Pa. Superior Ct. 454. The street piano was of a height to prevent the child being seen, and as no other children were in view the motorman was exercising care according to the circumstances in passing the street piano with his car under control. The unexpected act of the child in breaking away from the caretaker and suddenly darting from behind the piano across the street could not reasonably have been anticipated by him, and there was no opportunity to guard against such an intrusion of the tracks: Funk v. Electric Traction Co. of Phila., 175 Pa. 559; Sontgen v. Ford City Street Ry. Co., 213 Pa. 114.

The majority of the judges who heard this appeal are of the opinion that under all of the evidence in the case the verdict should have been directed for the defendant.

The judgment is reversed.